# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Tic-Noj, | No. CV-26-01912-PHX-SPL (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

Petitioner filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)

The Petition raises the issue of whether 8 U.S.C. § 1226(a), which contemplates a bond hearing, or 8 U.S.C. § 1225(b)(2), which mandates detention, applies when United States Immigration and Customs Enforcement (ICE) apprehends an alien who entered the United States without inspection, never formally applied for admission, and has been living in the United States for years or decades. Another judge in this district has determined that § 1226(a) applies in this circumstance. *Echevarria v. Bondi*, CV-25-03252-PHX-DWL (ESW), 2025 WL 2821282 (D. Ariz. 2025). Based on that determination, this Court has ordered habeas relief—taking the form of an order requiring the petitioner to be released from custody or provided with a prompt bond hearing—in many recent § 2241 actions brought by individual petitioners. Furthermore, on December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and ICE were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)."

*Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

Further, on December 18, 2025, the Central District of California entered judgment in a class action likely covering Petitioner declaring "the Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating "the Department of Homeland Security policy described in the July 8, 2025, 'Interim Guidance Regarding Detention Authority for Applicants for Admission' under the Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)." *Bautista v. Santacruz*, CV-25-01873-SSS-BFM (C.D. Cal. Dec. 18, 2025). Most recently, the court in *Bautista* granted the class members' motion to enforce judgment and vacated the Board of Immigration Appeals's ruling in *In re Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), as contrary to law under the Administrative Procedures Act. *Bautista v. Santacruz*, ___ F. Supp. 3d ___, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026).[1]

Based on prior decisions in the District of Arizona, the Seventh Circuit's opinion, and the prior decisions and judgment in *Bautista*, Respondents must show cause why the Petition should not be granted and the Court should not order Petitioner be released or provided a bond hearing under 8 U.S.C. § 1226(a). Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS ORDERED:**

(1)    Counsel for Petitioner must immediately serve the Petition (Doc. 1) and a copy of this Order on Respondents.

(2)    If not already issued, the Clerk of Court must issue any properly completed summonses.

(3)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention

---

[1] The Ninth Circuit Court of Appeals has temporarily stayed these orders, in part, pending a ruling on the Government's emergency motion for a stay pending appeal. *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026). The stay did not alter the impact of the declaratory judgment within the Central District of California, nor does it affect the Court's independent determination that Petitioner appears likely to be entitled to relief in the form of release or a bond hearing.

of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(4)    Respondents must show cause no later than **March 26, 2026**, why the Petition should not be granted.

(5)    Petitioner may file a reply no later than **March 27, 2026**.

Dated this 24th day of March, 2026.

Honorable Steven P. Logan
United States District Judge